JUSTICE NELSON
specially concurs.
¶37 I agree with the result of the Court’s Opinion. I do not necessarily agree that the CCRs here were not adhesive, nor do I agree that, as a general proposition, land use covenants, restrictions and conditions imposed unilaterally by the developer or owner upon a subdivision cannot be adhesive. In my view, upon appropriate proof of the criteria set forth in Woodruff v. Bretz, Inc., 2009 MT 329, ¶ 8, 353 Mont. 6, 218 P.3d 486, a plaintiff could prevail on a claim that land use covenants, restrictions and conditions are adhesive. Imposing and enforcing predispute arbitration requirements in such circumstances is nothing more than a means of depriving landowners of their constitutional rights of access to the courts and to a jury trial under Article II, Sections 16 and 26, respectively, of the Montana Constitution.
¶38 That said, in this case I agree that, even assuming that the CCRs were adhesive, the arbitration provisions were within Graziano’s reasonable expectations for the reasons set forth in ¶¶ 22-25 of the Opinion. I would not go further than that.
¶39 Land use covenants, restrictions and conditions might arguably *343 benefit the land, and the landowner may be granted some illusory-albeit impossible, as a practical matter-method of amending the covenants, restrictions and conditions. See Opinion, ¶ 19. Nonetheless, the landowner should not be bound by a pre-dispute arbitration clause imposed by the developer without negotiation on what amounts to be a “take it or leave it”-or, rather, “buy it and you’re stuck with them’-basis. A landowner should retain the right to have disputes over the interpretation and enforcement of land use covenants, restrictions and conditions resolved in court with a jury; forcing mandatory pre-dispute arbitration on landowners should not be a prerequisite to property ownership.
¶40 With those caveats, I specially concur with the Court’s Opinion.